**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**


THE CITY OF EUCLID,                    )
                                       )
                Plaintiff,             )
                                       )        Case No.  1:18-op-46013
        v.                             )
                                       )        Action Filed: July 27, 2018
PURDUE PHARMA L.P.; PURDUE PHARMA      )        Action Served: July 30, 2018
INC.; THE PURDUE FREDERICK COMPANY,    )
INC.; TEVA PHARMACEUTICALS USA, INC.;  )
CEPHALON, INC.; JOHNSON & JOHNSON;     )
JANSSEN PHARMACEUTICALS, INC.;         )
ORTHO-MCNEIL-JANSSEN                    )
PHARMACEUTICALS, INC. N/K/A JANSSEN    )
PHARMACEUTICALS, INC.; JANSSEN         )
PHARMACEUTICA, INC. N/K/A JANSSEN      )
PHARMACEUTICALS, INC.; ENDO            )
PHARMACEUTICALS INC.; ALLERGAN PLC     )
F/K/A ACTAVIS PLC; ACTAVIS, INC. F/K/A )
WATSON PHARMACEUTICALS, INC.;          )
WATSON LABORATORIES, INC.; ACTAVIS     )
LLC; ACTAVIS PHARMA, INC. F/K/A        )
WATSON PHARMA, INC.; ENDO HEALTH       )
SOLUTIONS INC.; INSYS THERAPEUTICS,    )
INC.; MALLINCKRODT ENTERPRISES LLC;    )
MCKESSON CORPORATION; CARDINAL         )
HEALTH, INC.; AMERISOURCEBERGEN        )
CORPORATION; CVS HEALTH                 )
CORPORATION; WALGREENS BOOTS           )
ALLIANCES, INC. A/K/A WALGREEN CO.;    )
WALMART, INC.; RITE AID OF MARYLAND,   )
INC.; MIAMI-LUKEN, INC.; PERRY FINE;   )
SCOTT FISHMAN; and LYNN WEBSTER,       )
                                       )
                Defendants.            )
                                       )
                                       )

---

**DEFENDANTS ENDO HEALTH SOLUTIONS INC. AND
ENDO PHARMACEUTICALS INC.'S NOTICE OF REMOVAL**

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, defendants Endo Health Solutions Inc. and Endo Pharmaceuticals Inc. (collectively, "Endo") hereby give notice of removal of this action, captioned *City of Euclid v. Purdue Pharma L.P. et al.*, bearing case number CV 18 901359, from the Court of Common Pleas for Cuyahoga County, Ohio, to the United States District Court for the Northern District of Ohio.  Pursuant to 28 U.S.C. § 1446(a), Endo provides the following statement of the grounds for removal:

## INTRODUCTION

1.      This action is one of many virtually identical lawsuits related to prescription opioid medications filed by the same group of lawyers on behalf of Ohio municipalities in Ohio state court.  On December 5, 2017, the Judicial Panel on Multidistrict Litigation created a Multidistrict Litigation ("MDL") in the Northern District of Ohio for these actions, *i.e.*, cases in which plaintiffs allege that "manufacturers of prescription opioid medications overstated the benefits and downplayed the risks of the use of their opioids and aggressively marketed . . . these drugs to physicians."  *In re Nat'l Prescription Opiate Litig.*, MDL No. 2804, Doc. 328 (Dec. 5, 2017 Transfer Order) (attached as **Exhibit 1**).  Numerous virtually identical predecessor cases filed by the same plaintiff lawyers and removed to federal court—which raise virtually identical removal issues—have already been transferred or conditionally transferred to the MDL, and more will surely follow.

2.      In all of these cases, the allegations are nearly indistinguishable, with most cut and pasted from complaint to complaint.  In each complaint, the plaintiff municipality alleges that the same manufacturers, along with the same physicians, unlawfully promoted opioid medications by misrepresenting their risks.  Certain complaints, including this one, assert claims against national pharmacies for improperly filling opioid prescriptions.  Each municipality also asserts separate

claims against distributors resting on entirely different factual allegations having nothing to do with promoting opioid medications, misrepresenting their risks, or filling prescriptions. The claims against the distributors, rather, center on an alleged failure to report suspicious orders of opioid products to authorities.

3.      While the claims against the manufacturers, physicians, and pharmacies are wholly distinct from the claims against the distributors, there is a straightforward reason that plaintiffs continue to lump these disparate claims together:  to try to defeat diversity jurisdiction.  None of the manufacturers, physicians, or pharmacies are Ohio citizens, but some of the distributors are.

4.      Federal jurisdiction cannot be so easily evaded.  Where, as here, a plaintiff sues diverse defendants and tacks on distinct claims against one or more non-diverse defendants in an effort to destroy diversity, it is proper for courts to ignore the citizenship of the non-diverse defendants, sever them, and retain diversity jurisdiction over the diverse parties.

5.      Thus, the basis for removal here is the same as in the many virtually identical cases previously removed to this Court:  there is complete diversity of citizenship between the plaintiff, on the one hand, and the manufacturers, physicians, and pharmacies on the other.  The citizenship of the distributors, some of which are non-diverse, should be ignored because they are subject to severance under Rule 21 (because they are unnecessary and dispensable parties under Rule 19 as well as misjoined under Rule 20) and fraudulently misjoined.[1]

---

[1] *See City of Sandusky v. Purdue Pharma L.P. et al.*, No. 1:18-op-45788-DAP (N.D. Ohio), Doc. 1 (Not. of Removal); *City of Elyria v. Purdue Pharma L.P. et al.*, No. 1:18-cv-00017 (N.D. Ohio), Doc. 1 (Not. of Removal); *Summit County et al. v. Purdue Pharma L.P. et al.*, No. 5:18-cv-00170 (N.D. Ohio), Doc. 1 (Not. of Removal); *City of Mansfield v. Purdue Pharma L.P. et al.*, No. 1:18-cv-00797 (N.D. Ohio), Doc. 1 (Not. of Removal); *City of Parma Heights v. Purdue Pharma L.P. et al.*, No. No. 1:18-cv-01505 (N.D. Ohio), Doc. 1 (Not. of Removal); *City of Warren v. Purdue Pharma L.P. et al.*, No. 4:18-cv-852 (N.D. Ohio), Doc. 1 (Not. of Removal); *City of Fostoria v. Purdue Pharma L.P. et al.*, No. 3:18-cv-850 (N.D. Ohio), Doc. 1 (Not. of Removal); *City of Parma v. Purdue Pharma L.P. et al.*, No. 1:17-cv-01872-DAP (N.D. Ohio), Doc. 1 (Not. of Removal); *City of Lorain v. Purdue Pharma L.P., et al.*, No. 1:17-cv-01639-DAP

6.     At least 67 opioid-related cases have been removed on the same grounds as this action—*i.e.*, complete diversity achieved through Rule 21 severance and/or fraudulent misjoinder of similarly situated non-diverse defendants—and transferred to the MDL prior to resolution of any remand motion.[2]  Twenty-two of those cases (the first 22 listed in footnote 2 below) were filed in Ohio state courts and are virtually identical to this case.

---

(N.D. Ohio), Doc. 1 (Not. of Removal); *County of Cuyahoga v. Purdue Pharma L.P., et al.*, No. 1:17-cv-02482-DAP (N.D. Ohio), Doc. 1 (Not. of Removal); *City of Toledo v. Purdue Pharma L.P., et al.*, No. 3:17-cv-02516-JJH (N.D. Ohio), Doc. 1 (Not. of Removal); *County of Lake v. Purdue Pharma L.P., et al.*, No. 1:18-cv-00089 (N.D. Ohio), Doc. 1 (Not. of Removal); *County of Ashtabula v. Purdue Pharma L.P., et al.*, No. 1:18-cv-0100 (N.D. Ohio), Doc. 1 (Not. of Removal); *County of Lorain v. Purdue Pharma L.P., et al.*, No. 1:18-cv-00145 (N.D. Ohio), Doc. 1 (Not. of Removal); *County of Trumbull v. Purdue Pharma L.P., et al.*, No. 4:18-cv-00147 (N.D. Ohio), Doc. 1 (Not. of Removal); *Sandusky Cty Bd. Of Comm'rs v. Purdue Pharma L.P. et al.*, No. 3:18-cv-00593 (N.D. Ohio), Doc. 1 (Not. of Removal); *City of Broadview Heights v. Purdue Pharma L.P. et al.*, No. 1:18-cv-00721 (N.D. Ohio), Doc. 1 (Not. of Removal); *Richland Cty. Children's Servs. v. Purdue Pharma L.P., et al.*, No. 1:17-cv-02185-DAP (N.D. Ohio), Doc. 1 (Not. of Removal); *Minute Men, Inc. et al. v. Purdue Pharma L.P. et al.*, No. 1:18-cv-00688 (N.D. Ohio), Doc. 1 (Not. of Removal); *see also County of Jefferson v. Purdue Pharma L.P. et al.*, No. 2:18-cv-37 (S.D. Ohio), Doc. 1 (Not. of Removal); *City of Dayton v. Purdue Pharma L.P., et al.*, No. 3:17-cv-00229-TMR (S.D. Ohio), Doc. 1 (Not. of Removal).

[2] *City of Sandusky v. Purdue Pharma L.P. et al.*, No. 1:18-op-45788-DAP (N.D. Ohio), Doc. 1 (Not. of Removal); *City of Elyria v. Purdue Pharma L.P. et al.*, No. 1:18-cv-00017 (N.D. Ohio), Doc. 1 (Not. of Removal); *Summit County et al. v. Purdue Pharma L.P. et al.*, No. 5:18-cv-00170 (N.D. Ohio), Doc. 1 (Not. of Removal); *Minute Men, Inc. et al. v. Purdue Pharma L.P. et al.*, No. 1:18-cv-00688 (N.D. Ohio), Doc. 1 (Not. of Removal); *City of Mansfield v. Purdue Pharma L.P. et al.*, No. 1:18-cv-00797 (N.D. Ohio), Doc. 1 (Not. of Removal); *City of Fostoria v. Purdue Pharma L.P. et al.*, No. 3:18-cv-00850 (N.D. Ohio), Doc. 1 (Not. of Removal); *City of Parma Heights v. Purdue Pharma L.P. et al.*, No. 1:18-cv-01505 (N.D. Ohio), Doc. 1 (Not. of Removal); *City of Parma v. Purdue Pharma L.P. et al.*, No. 1:17-cv-01872 (N.D. Ohio), Doc. 1 (Not. of Removal); *City of Lorain v. Purdue Pharma L.P. et al.*, No. 1:17-cv-01639 (N.D. Ohio), Doc. 1 (Not. of Removal); *County of Cuyahoga v. Purdue Pharma L.P. et al.*, No. 1:17-cv-02482 (N.D. Ohio), Doc. 1 (Not. of Removal); *City of Toledo v. Purdue Pharma L.P. et al.*, No. 3:17-cv-02516 (N.D. Ohio), Doc. 1 (Not. of Removal); *County of Lake v. Purdue Pharma L.P. et al.*, No. 1:18-cv-00089 (N.D. Ohio), Doc. 1 (Not. of Removal); *County of Ashtabula v. Purdue Pharma L.P. et al.*, No. 1:18-cv-0100 (N.D. Ohio), Doc. 1 (Not. of Removal); *County of Lorain v. Purdue Pharma L.P. et al.*, No. 1:18-cv-00145 (N.D. Ohio), Doc. 1 (Not. of Removal); *County of Trumbull v. Purdue Pharma L.P. et al.*, No. 4:18-cv-00147 (N.D. Ohio), Doc. 1 (Not. of Removal); *County of Jefferson v. Purdue Pharma L.P. et al.*, No. 2:18-cv-37 (S.D. Ohio), Doc. 1 (Not. of Removal); *City of Dayton v. Purdue Pharma L.P. et al.*, No. 3:17-cv-00229 (S.D. Ohio), Doc. 1 (Not. of Removal); *Richland Cty. Children's Servs. v. Purdue Pharma L.P. et al.*, No.

1:17-cv-02185 (N.D. Ohio), Doc. 1 (Not. of Removal); *Sandusky Cty. Bd. of Comm'rs v. Purdue Pharma L.P. et al.*, No. 3:18-cv-00593 (N.D. Ohio); Doc. 1 (Not. of Removal); *City of Broadview Heights v. Purdue Pharma L.P. et al.*, No. 1:18-cv-00721 (N.D. Ohio), Doc. 1 (Not. of Removal); *City of Warren v. Purdue Pharma L.P. et al.*, No. 4:18-cv-852 (N.D. Ohio), Doc. 1 (Not. of Removal); *Harrison Cty. Bd. of Comm'rs v. Purdue Pharma L.P. et al.*, No. 2:18cv359 (S.D. Ohio), Doc. 1 (Not. of Removal); *Jefferson County et al. v. Purdue Pharma L.P. et al.*, No. 2:18-cv-00626 (N.D. Ala.), Doc. 1 (Not. of Removal); *County of Alachua v. Purdue Pharma L.P. et al.*, No. 1:18-cv-00086-MW-GRJ (N.D. Fla.), Doc. 1 (Not. of Removal); *County of Osceola v. Purdue Pharma L.P. et al.,* No. 6:18-cv-00164 (M.D. Fla.), Doc. 1 (Not. of Removal); *County of Floyd v. Purdue Pharma L.P. et al.*, No. 7:17-cv-00186 (E.D. Ky.), Doc. 1 (Not. of Removal); *County of Pike v. Teva Pharmaceuticals USA, Inc. et al.*, No. 7:17-cv-00193 (E.D. Ky.), Doc. 1 (Not. of Removal); *County of Knott v. Purdue Pharma L.P. et al.*, No. 7:18-cv-00006 (E.D. Ky.), Doc. 1 (Not. of Removal); *County of Fulton v. Purdue Pharma L.P. et al.*, No. 1:17-cv-04757 (N.D. Ga.), Doc. 1 (Not. of Removal); *County of Mora v. Purdue Pharma L.P. et al.*, No. 1:17-cv-01044 (D.N.M.), Doc. 1 (Not. of Removal); *Prince George's County v. Purdue Pharma L.P. et al.,* No. 8:18-cv-00870 (D. Md.), Doc. 1 (Not. of Removal); *DeKalb County v. Purdue Pharma L.P. et al.*, No. 1:18-cv-01498 (N.D. Ga.), Doc. 1 (Not. of Removal); *County Comm'n of Clay County v. Purdue Pharma L.P.*, No. 2:18-cv-00413 (S.D. W. Va.), Doc. 1 (Not. of Removal); *County of Harris v. Purdue Pharma L.P. et al.*, No. 4:18-cv-00490 (S.D. Tex.), Doc. 1 (Not. of Removal); *St. Bernard Parish v. Purdue Pharma L.P. et al.*, No. 2:18-cv-02717-NJB-DEK (E.D. LA.), Doc. 1 (Not. of Removal); *County of San Joaquin et al. v. Purdue Pharma L.P. et al.*, No. 2:17-cv-01485 (E.D. Cal.), Doc. 1 (Not. of Removal); *Avoyelles Parish v. Purdue Pharma L.P. et al.*, No. 1:17-cv-01567 (W.D. La.), Doc. 1 (Not. of Removal); *Calcasieu Parish v. Purdue Pharma L.P. et al.*, No. 2:17-cv-01585 (W.D. La.), Doc. 1 (Not. of Removal); *Rapides Parish v. Purdue Pharma L.P. et al.*, No. 1:17-cv-01586 (W.D. La.), Doc. 1 (Not. of Removal); *Washington Parish v. Purdue Pharma L.P. et al.*, No. 2:17-cv-17722 (E.D. La.), Doc. 1 (Not. of Removal); *Jefferson Davis Parish v. Purdue Pharma L.P. et al.*, No. 2:18-cv-00002 (W.D. La.), Doc. 1 (Not. of Removal); *Vernon Parish v. Purdue Pharma L.P. et al.*, No. 2:18-cv-00053 (W.D. La.), Doc. 1 (Not. of Removal); *Allen Parish v. Purdue Pharma L.P. et al.*, No. 2:18-cv-00055 (W.D. La.), Doc. 1 (Not. of Removal); *Sabine Parish v. Purdue Pharma L.P. et al.*, No. 2:18-cv-00054 (W.D. La.), Doc. 1 (Not. of Removal); *Ouachita Parish v. Purdue Pharma L.P. et al.*, No. 3:18-cv-00094 (W.D. La.), Doc. 1 (Not. of Removal); *Evangeline Parish v. Purdue Pharma L.P. et al.*, No. 6:18-cv-00125 (W.D. La.), Doc. 1 (Not. of Removal); *Orleans Parish v. Purdue Pharma L.P. et al.*, No. 2:18-cv-04828 (E.D. La.), Doc. 1 (Not. of Removal); *Lafayette Parish v. Purdue Pharma L.P. et al.*, No. 6:17-cv-01583 (W.D. La.) Doc. 1 (Not. of Removal); *Louisiana Health Servs. & Indem. Co. v. Purdue Pharma L.P. et al.*, No. 3:17-cv-01766-JWD-RLB (M.D. La.), Doc. 1 (Not. of Removal); *West Carroll Parish v. Purdue Pharma L.P. et al.*, No. 3:18-cv-00264-TAD-KLH (W.D. La.), Doc. 1 (Not. of Removal); *East Carroll Parish v. Purdue Pharma L.P. et al.*, No. 3:18-cv-00262-RGJ-KLH (W.D. La.), Doc. 1 (Not. of Removal); *Town of Hamlin v. Purdue Pharma L.P. et al.*, No. 2:18-cv-00477 (S.D. W. Va.), Doc. 1 (Not. of Removal); *East Baton Rouge Parish v. Purdue Pharma L.P. et al.*, No. 3:18-cv-00286-JWD-RLB (M.D. La.), Doc. 1 (Not. of Removal); *ApolloMD Bus. Servs. v. Attain Med, Inc.*, No. 1:18-cv-01662-SCJ (N.D. Ga.) Doc. 1 (Not. of Removal); *Roach v. McKesson Corp.*, No. 2:18-cv-04165 (E.D. La.), Doc. 1 (Not. of Removal); *Scott County v. Purdue Pharma L.P. et al.*, No. 4:17-cv-00193 (S.D. Ind.), Doc. 1 (Not. of Removal); *City of Seattle v. Purdue Pharma L.P. et al.*, No. 2:17-cv-01577 (W.D. Wash.), Doc. 1 (Not. of

7.     As discussed below, there is federal diversity jurisdiction here as to all of the properly joined Defendants.  And, as numerous courts in opioid-related actions have recognized, judicial economy would be furthered if all removal questions were addressed by the MDL Court following the transfer of this case to the MDL.  *See Village of Melrose Park et al. v. Purdue Pharma L.P. et al.*, No. 1:18-cv-05288 (N.D. Ill.), Doc. 26 (August 10, 2018 Minute Entry Staying Case); *Robinson Rancheria v. McKesson Corporation et al.*, No. 3:18-cv-02525-VC (N.D. Cal.), Doc. 23 (July 16, 2018 Order Granting Motions to Stay); *Polk County, Florida v. Purdue Pharma L.P. et al.*, No. 8:18-cv-1814-VMC-AAS (M.D. Fla.), Doc. 3 (July 27, 2018 Order Staying Case); *St. Bernard Parish Gov't v. Purdue Pharma L.P. et al.*, No. 2:18-cv-02717-NJB-DEK (E.D. La.), Doc. 21 (Mar. 29, 2018 Order Granting Stay); *County of Floyd v. Purdue Pharma L.P. et al.*, No. 7:17-cv-00186-GFVT (E.D. Ky.), Doc. 18 (Jan. 22, 2018 Order Granting Stay); *City of Miami v. Purdue Pharma L.P. et al.*, No. 1:18-cv-21920-KMM (S.D. Fla.), Doc. 7 (May 22, 2018 Order Staying Proceedings); *Levy County v. Purdue Pharma L.P. et al.*, No. 1:18-cv-00100-MCR-GRJ (N.D. Fla.), Doc. 26 (July 5, 2018 Order Staying Case).  But in the event the Court addresses the question, federal jurisdiction exists here.

---

Removal); *King County v. Purdue Pharma L.P. et al.*, No. 2:18-cv-00225 (W.D. Wash.), Doc. 1 (Not. of Removal); *Estate of Green v. West-Ward Pharm. Corp. et al.*, No. 7:18-cv-00462-RDP (N.D. Ala.), Doc. 1 (Not. of Removal); *Drew Mem'l Hosp., Inc. v. Purdue Pharma L.P. et al.*, No. 5:18-cv-10 (E.D. Ark.), Doc. 1 (Not. of Removal); *County of Multnomah v. Purdue Pharma L.P. et al.*, No. 3:17-cv-02010-JE (D. Or.), Doc. 1 (Not. of Removal); *Odyssey House v. Morris & Dickson Co., LLC*, No. 2:18-cv-05620-MLCF-JVM (E.D. La.), Doc. 1 (Not. of Removal); *City of Gary v. Purdue Pharma L.P. et al.*, No. 2:18-cv-00117 (N.D. Ind.), Doc. 1 (Not. of Removal); *County Comm'n of Mingo County v. Purdue Pharma L.P. et al.*, No. 2:18-cv-00476 (S.D. W. Va.), Doc. 1 (Not. of Removal); *City of Huntington v. Express Scripts Holding Co.*, No. 2:18-cv-00580 (S.D. W. Va.), Doc. 1 (Not. of Removal); *Town of West Hamlin v. Purdue Pharma L.P. et al.*, No. 2:18-cv-00478 (S.D. W. Va.), Doc. 1 (Not. of Removal); *Town of Hamlin v. Purdue Pharma L.P. et al.*, No. 2:18-cv-00477 (S.D. W. Va.), Doc. 1 (Not. of Removal).

# BACKGROUND

8.      On July 27, 2018, Plaintiff, the City of Euclid, filed this lawsuit in the Court of Common Pleas for Cuyahoga County, Ohio.  As in prior opioid-related cases filed in Ohio, the Complaint (attached hereto, with process papers served upon Endo, as **Exhibit 2**) asserts claims against manufacturers of FDA-approved prescription opioid medications, physicians, and distributors of opioid products, as follows:

a.      "Manufacturer Defendants" — Endo Pharmaceuticals Inc.; Endo Health Solutions Inc.; Purdue Pharma L.P.; Purdue Pharma Inc.; The Purdue Frederick Company Inc.; Teva Pharmaceuticals USA, Inc.; Cephalon, Inc.; Johnson & Johnson; Janssen Pharmaceuticals, Inc.; Ortho-McNeil-Janssen Pharmaceuticals, Inc. n/k/a Janssen Pharmaceuticals, Inc.; Janssen Pharmaceutical, Inc. n/k/a Janssen Pharmaceuticals, Inc.; Allergan plc f/k/a Actavis plc; Allergan Finance, LLC f/k/a Actavis, Inc. f/k/a Watson Pharmaceuticals, Inc.; Watson Laboratories, Inc.; Actavis LLC; Actavis Pharma, Inc. f/k/a Watson Pharma, Inc.; Insys Therapeutics, Inc.; and Mallinckrodt Enterprises LLC.

b.      "Physician Defendants" — Perry Fine; Scott Fishman; and Lynn Webster.

c.      "Distributor Defendants" — McKesson Corporation; Cardinal Health, Inc. ("Cardinal"); AmerisourceBergen Corporation; and Miami-Luken, Inc. ("Miami-Luken").

d.      "Pharmacy Defendants" — CVS Health Corporation; Walgreens Boots Alliance, Inc.; Walmart, Inc.; and Rite Aid of Maryland, Inc.[3]

---

[3] The entity named in the caption of the Complaint is Rite Aid of Maryland, Inc.  However, in pleading the parties' citizenship, the Complaint incorrectly refers to a separate entity, Rite Aid Corporation, which has not been served or named in, and is not a party to, this action.  (*See* Compl. ¶ 109.)  By consenting to removal, Rite Aid of Maryland, Inc. does not concede that it is a proper party to this action.

9.      Like many cases previously removed to this Court and included in the MDL, the thrust of the Complaint is that the Manufacturer Defendants and Physician Defendants engaged in a marketing and promotional campaign based on misrepresentations about the risks of FDA-approved prescription opioid medications.  (Compl. ¶¶ 11-16, 45-46, 170-658.)  According to Plaintiff, the Manufacturer Defendants and Physician Defendants' alleged conduct caused Plaintiff to incur "health care costs, criminal justice and victimization costs, social costs, and lost productivity costs."  (*Id.* ¶ 53.)  All of the Manufacturer Defendants and Physician Defendants are citizens of states or foreign states other than Ohio.

10.      Plaintiff's allegations against the Distributor Defendants and Pharmacy Defendants center on entirely different alleged conduct.  Unlike the allegations against the Manufacturer Defendants and Physician Defendants, none of Plaintiff's allegations against the Distributor Defendants or Pharmacy Defendants relate to promotion of opioid medications or misrepresentations regarding their risks.

11.      As to the Pharmacy Defendants, Plaintiff alleges that they "engaged in improper dispensing practices" (*id.* ¶ 821) by failing to "adequately train their pharmacists and pharmacy techs on how to properly and adequately handle prescriptions for opioid painkillers" (*id.* ¶ 778), failing to "identify healthcare professionals that were writing suspicious numbers of prescriptions and/or prescriptions of suspicious amounts of opioids (*id.* ¶ 781), and by failing to "prevent the filling of prescriptions that contributed to the opioid crisis" (*id.* ¶ 782).  All of the Pharmacy Defendants are citizens of states other than Ohio.

12.      As to the Distributor Defendants, Plaintiff makes the familiar allegation that they "failed in their duty to take any action to prevent or reduce the distribution of [opioids]" (*id.* ¶ 740) or to notice and report "suspicious or alarming orders of opioid pharmaceuticals . . . to

the proper authorities and governing bodies" (*id.* ¶ 738).  (*See also id.* ¶¶ 728-769.)  And again, the Complaint further alleges that the Distributor Defendants failed to "prevent the flow of prescription opioids . . . into Euclid."  (*Id.* ¶ 751.)  Two Distributor Defendants, Cardinal and Miami-Luken, are Ohio citizens.  (*Id.* ¶¶ 89, 99.)  The other Distributor Defendants are citizens of states other than Ohio.

13.     The Complaint asserts eight causes of action.  Seven are pleaded against "all Defendants," although each claim rests almost entirely on conduct involving the Manufacturer Defendants and Physician Defendants only, on the one hand, or the Distributor Defendants and Pharmacy Defendants only, on the other:  (1) absolute public nuisance; (2) fraud; (3) unjust enrichment; (4) negligence; (5) negligence per se; (6) negligent marketing; and (7) violation of Ohio Revised Code § 2923.31 *et seq.*  (*Id.* ¶¶ 855-893.)  The remaining cause of action, for injury through criminal acts under section 2307.60 of the Ohio Revised Code, is asserted against the Distributor Defendants only.  (*Id.* ¶¶ 894-900.)

14.     Endo received the Complaint through service on July 30, 2018.  Pursuant to 28 U.S.C. § 1446(a), a copy of all process and pleadings served on Endo is attached hereto as **Exhibit 2**.  A copy of the state court docket, all orders served on Endo, and all documents filed in the state court action (other than the Complaint) is attached hereto as **Exhibit 3**.

## VENUE AND JURISDICTION

15.     Venue is proper in this Court pursuant to 28 U.S.C. §§ 115, 1391, 1441(a), and 1446(a) because the Court of Common Pleas for Cuyahoga County, Ohio, where the Complaint was filed, is a state court within the Northern District of Ohio.

16.     This Court has subject matter jurisdiction under 28 U.S.C. § 1332(a) because (1) there is complete diversity of citizenship between Plaintiff and all properly joined defendants;

9

(2) the amount in controversy exceeds $75,000, exclusive of interests and costs; and (3) all other requirements for removal have been satisfied.

## I.  THERE IS COMPLETE DIVERSITY OF CITIZENSHIP BETWEEN PLAINTIFF AND THE MANUFACTURER, PHYSICIAN, AND PHARMACY DEFENDANTS

17.  There is complete diversity of citizenship here because Plaintiff is an Ohio citizen and all of the Manufacturer Defendants, Physician Defendants, and Pharmacy Defendants are citizens of states or foreign states other than Ohio, *see* Part I.A *infra*, and the citizenship of the Distributor Defendants (two of which are non-diverse) should be ignored for purposes of diversity jurisdiction, *see* Part I.B *infra*.  This is because the Distributor Defendants are subject to severance under Federal Rule of Civil Procedure 21 and the fraudulent misjoinder doctrine.[4]

### A.  Plaintiff Is Diverse from the Manufacturer, Physician, and Pharmacy Defendants

#### 1.  Plaintiff Is a Citizen of Ohio

18.  The City of Euclid is an Ohio citizen for purposes of diversity jurisdiction.  *See Moor v. Cty. of Alameda*, 411 U.S. 693, 719–21 (1973); *Brown v. Marshall Cty.*, 394 F.2d 498, 500 (6th Cir. 1968).

#### 2.  None of the Manufacturer, Physician, or Pharmacy Defendants Is a Citizen of Ohio

19.  For purposes of diversity jurisdiction, a corporation is "a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business . . . ."  28 U.S.C. § 1332(c)(1).  A partnership is a citizen of every state in which its partners are citizens.  *See Americold Realty Tr. v. ConAgra Foods, Inc.*, 136 S. Ct.

---

[4] Though only two Distributor Defendants (Cardinal and Miami-Luken) are non-diverse, the Court should sever all of the Distributor Defendants because of the common factual allegations underlying the claims against those Defendants.

1012, 1015 (2016); *Hooper v. Wolfe*, 396 F.3d 744, 748 (6th Cir. 2005).  A limited liability company is a citizen of every state in which its members are citizens.  *Delay v. Rosenthal Collins Grp., LLC*, 585 F.3d 1003, 1005 (6th Cir. 2009).

20.     Applying these principles, none of the Manufacturer Defendants, Physician Defendants, or Pharmacy Defendants is a citizen of Ohio.

21.     Defendant Endo Health Solutions Inc. is a corporation organized under the laws of Delaware with its principal place of business in Malvern, Pennsylvania.  (Compl. ¶ 73.)

22.     Defendant Endo Pharmaceuticals Inc. is a corporation organized under the laws of Delaware with its principal place of business in Malvern, Pennsylvania.  (*Id.*)

23.     Defendant Purdue Pharma L.P. is a limited partnership organized under the laws of Delaware, none of whose partners are citizens of Ohio.  (*See id.* ¶ 58.)  Its partners are citizens of New York, Connecticut, Delaware, Florida, the British Virgin Islands, and Jersey, Channel Islands.

24.     Defendant Purdue Pharma Inc. is a corporation organized under the laws of New York with its principal place of business in Stamford, Connecticut.

25.     Defendant The Purdue Frederick Company, Inc. is a corporation organized under the laws of New York with its principal place of business in Stamford, Connecticut.

26.     Defendant Teva Pharmaceuticals USA, Inc. is a corporation organized under the laws of Delaware with its principal place of business in North Wales, Pennsylvania.  (*Id.* ¶ 62.)

27.     Defendant Cephalon, Inc. is a corporation organized under the laws of Delaware with its principal place of business in Frazer, Pennsylvania.  (*Id.* ¶ 63.)

28.     Defendant Johnson & Johnson is a corporation organized under the laws of New Jersey with its principal place of business in New Brunswick, New Jersey.  (*Id.* ¶ 69.)

29.     Defendant Janssen Pharmaceuticals, Inc. is a corporation organized under the laws of Pennsylvania with its principal place of business in Titusville, New Jersey. (*Id.*)

30.     Defendant Ortho-McNeil-Janssen Pharmaceuticals, Inc. n/k/a Janssen Pharmaceuticals, Inc. is a corporation organized under the laws of Pennsylvania with its principal place of business in Titusville, New Jersey. (*Id.*)

31.     Defendant Janssen Pharmaceutical, Inc. n/k/a Janssen Pharmaceuticals, Inc. is a corporation organized under the laws of Pennsylvania with its principal place of business in Titusville, New Jersey. (*Id.*)

32.     Defendant Allergan plc is a public limited company incorporated in Ireland with its principal place of business in Dublin, Ireland. (*Id.* ¶ 76.)

33.     Defendant Allergan Finance, LLC f/k/a Actavis, Inc. f/k/a Watson Pharmaceuticals, Inc. is a Nevada limited liability company. Its sole member is Allergan W.C. Holding Inc. f/k/a Actavis W.C. Holding Inc., a Delaware corporation with its principal place of business in Madison, New Jersey. (*See id.*)

34.     Defendant Watson Laboratories, Inc. is a Nevada corporation with its principal place of business in Parsippany, New Jersey.

35.     Defendant Actavis LLC is a Delaware limited liability company with its principal place of business in Parsippany, New Jersey. (*Id.*) Actavis LLC's sole member is Actavis US Holding LLC, a limited liability company organized under the laws of Delaware. Actavis US Holding LLC's sole member is Watson Laboratories, Inc., a Nevada corporation with its principal place of business in Parsippany, New Jersey. (*See id.*)

36.     Defendant Actavis Pharma, Inc., f/k/a Watson Pharma, Inc., is a Delaware corporation with its principal place of business in New Jersey. (*Id.*)

37.     Defendant Insys Therapeutics, Inc. is a corporation organized under the laws of Delaware with its principal place of business in Chandler, Arizona.  (*Id.* ¶ 78.)

38.     Defendant Mallinckrodt Enterprises LLC is a limited liability corporation organized under the laws of Delaware, none of whose members are citizens of Ohio.  (*Id.* ¶ 80.) Mallinckrodt Enterprises LLC's members are Mallinckrodt Enterprises Holdings, Inc., a citizen of California; Ludlow Corporation, a citizen of Massachusetts; and Mallinckrodt ARD Finance LLC. Mallinckrodt ARD Finance LLC's sole member, Mallinckrodt ARD Inc., is a citizen of California.

39.     Defendant CVS Health Corporation is a corporation organized under the laws of Delaware with its principal place of business in Rhode Island.  (*Id.* ¶ 106.)

40.     Defendant Walgreens Boots Alliance, Inc. is a corporation organized under the laws of Delaware with its principal place of business in Illinois.  (*Id.* ¶ 107.)

41.     Defendant Walmart, Inc. is a corporation organized under the laws of Delaware with its principal place of business in Arkansas.  (*Id.* ¶ 108.)

42.     Defendant Rite Aid of Maryland, Inc. is a corporation organized under the laws of Maryland with its principal place of business in Pennsylvania.[5]

43.     Defendant Dr. Perry Fine is a citizen of Utah.  (*Id.* ¶ 122.)

44.     Defendant Dr. Scott Fishman is a citizen of California.  (*Id.* ¶ 123.)

45.     Defendant Dr. Lynn Webster is a citizen of Utah.  (*Id.* ¶ 124.)

46.     Accordingly, all of the Manufacturer Defendants, Physician Defendants, and Pharmacy Defendants are citizens of a state or foreign state other than Ohio.

---

[5] As noted above, the citizenship allegations in the Complaint incorrectly refer to Rite Aid Corporation, an entity not named here.

**B.    The Citizenship of the Distributor Defendants Should Be Ignored**

**1.    The Distributor Defendants Should Be Severed Under Rule 21**[6]

47.    Even where the face of a complaint shows a lack of complete diversity, removal based on diversity jurisdiction is nonetheless proper if the claims against the non-diverse defendants are severable under Federal Rule of Civil Procedure 21.  Defendants are severable under Rule 21 if they are either unnecessary or dispensable under Rule 19, or if the claims against them are sufficiently distinct from claims against other defendants under Rule 20.  Here, the Distributor Defendants should be severed on both grounds, each of which preserves diversity jurisdiction as to the Manufacturer Defendants, Physician Defendants, and Pharmacy Defendants.

48.    As to Rule 19, this Court and others have repeatedly severed non-diverse defendants and denied remand as to diverse defendants where, as here, the non-diverse defendants were unnecessary and dispensable, and the claims against non-diverse and diverse defendants rested on materially distinct factual allegations.  *See, e.g.*, *Joseph v. Baxter Int'l, Inc.*, 614 F. Supp. 2d 868, 872–74 (N.D. Ohio 2009); *DeGidio v. Centocor, Inc.*, No. 3:09CV721, 2009 WL 1867676, at *3–4 (N.D. Ohio July 8, 2009); *Kelly v. Aultman Physician Ctr.*, No. 5:13CV0994, 2013 WL 2358583, at *3 (N.D. Ohio May 29, 2013); *Mayfield v. London Women's Care, PLLC*, No. 15-19-DLB, 2015 WL 3440492, at *3–5 (E.D. Ky. May 28, 2015); *McElroy v. Hamilton Cty. Bd. of Educ.*, No. 1:12-cv-297, 2012 WL 12871469, at *2–3 (E.D. Tenn. Dec. 20, 2012); *Sullivan v. Calvert Mem'l Hosp.*, 117 F. Supp. 3d 702, 705–07 (D. Md. 2015); *Cooke-Bates v. Bayer Corp.*, No. 3:10-cv-261, 2010 WL 3984830, at *4 (E.D. Va. Oct. 8, 2010).

---

[6] Substantially similar severance arguments have been made in many prior opioid-related cases removed to federal courts in Ohio.  *See supra* n.1 (collecting cases).  A streamlined version of this argument is presented in this Notice.

49.     Severance under these circumstances is consistent with the settled principle that alleged joint tortfeasors are unnecessary parties under Rule 19 as a matter of law.  *E.g.*, *Boggs v. Landmark 4 LLC*, No. 1:12 CV 614, 2012 WL 3485288, at *3 (N.D. Ohio Aug. 13, 2012).

50.     Beyond Rule 19, the claims against the Distributor Defendants are also misjoined under Rule 20, which provides a distinct basis for severance.  Rule 21 permits severance of claims against non-diverse defendants that do not "aris[e] out of the same transaction, occurrence, or series of transactions or occurrences" as the claims against other defendants.  Fed. R. Civ. P. 20(a)(1)(A); *see Loeffelbein v. Milberg Weiss Bershad Hynes & Lerach, LLP*, No. Civ.A. 02-2435-CM, 2003 WL 21313957, at *5 (D. Kan. May 23, 2003).  Courts have repeatedly severed claims against non-diverse defendants and denied remand as to diverse defendants where, as here, the claims against the non-diverse defendants were separate and distinct, and arose from different transactions or occurrences.  *See, e.g.*, *Loeffelbein*, 2003 WL 21313957, at *6; *Sutton v. Davol, Inc.*, 251 F.R.D. 500, 505 (E.D. Cal. 2008); *Greene v. Wyeth*, 344 F. Supp. 2d 674, 683–84 (D. Nev. 2004); *Westley v. Progressive Specialty Ins. Co.*, No. 14-1410, 2014 WL 4489620, at *6–7 (E.D. La. Sept. 10, 2014); *Anderson v. State Farm Mut. Auto. Ins. Co.*, No. 4:08CV345-RH/WCS, 2008 WL 11366408, at *3 (N.D. Fla. Nov. 10, 2008); *Todd v. Cary's Lake Homeowners Ass'n*, 315 F.R.D. 453, 458–59 (D.S.C. 2016); *DirecTV, Inc. v. Beecher*, 296 F. Supp. 2d 937, 945 (S.D. Ind. 2003); *Randleel v. Pizza Hut of Am., Inc.*, 182 F.R.D. 542, 543 (N.D. Ill. 1998).

51.     Severance is particularly appropriate here because it will enable the diverse parties to benefit from the significant efficiencies stemming from participation in coordinated MDL proceedings in this Court.  *See* Exhibit 1.  This Court and others across the country have repeatedly recognized the importance of these efficiencies in severing non-diverse defendants to perfect diversity jurisdiction.  *E.g.*, *Baxter*, 614 F. Supp. 2d at 873; *Mayfield*, 2015 WL 3440492, at *5;

*Sullivan*, 117 F. Supp. 3d at 707; *Cooke-Bates*, 2010 WL 3984830, at *4; *Sutton*, 251 F.R.D. at 505.

52.     That Plaintiff asserts causes of action against "all Defendants" changes nothing. Severance is appropriate because the *factual basis* for Plaintiff's claims against the Manufacturer Defendants and Physician Defendants (alleged misleading promotion of opioid medications) and the Pharmacy Defendants (alleged improper filling of opioid prescriptions) is separate and distinct from the factual basis for Plaintiff's claims against the Distributor Defendants (alleged failure to prevent or reduce the distribution of opioid products or to report suspicious orders).  *See Loeffelbein*, 2003 WL 21313957, at *6 ("While plaintiffs do not distinguish between each of the defendants in the individual counts of the petition, the counts clearly arise from two different sets of facts."); *Nelson v Aim Advisors, Inc.*, No. 01-CV-0282-MJR, 2002 WL 442189, at *3 (S.D. Ill. Mar. 8, 2002) ("Although Plaintiffs' claims against all Defendants are pled under the same legal theory, it is only in this abstract sense that Plaintiffs' claims share anything in common . . . [and] does not mean that there are common issues of law and fact sufficient to satisfy Rule 20(a)."). And, as in *Baxter*, if Plaintiff wants to pursue claims against the Distributor Defendants, Plaintiff has an "adequate remedy . . . in state court."  614 F. Supp. 2d at 873.

### 2.     The Distributor Defendants Are Also Fraudulently Misjoined

53.     As an alternative to severance under Rule 21, the citizenship of the Distributor Defendants should be ignored for purposes of diversity jurisdiction under the fraudulent misjoinder doctrine.  "Fraudulent misjoinder occurs when a plaintiff attempts to defeat removal by misjoining the unrelated claims of non-diverse party plaintiffs against a defendant, or . . . by misjoining unrelated claims of a plaintiff against non-diverse party defendants."  *Baxter*, 614 F. Supp. 2d at 874 (quoting *Geffen v. Gen. Elec. Co.*, 575 F. Supp. 2d 865, 869–72 (N.D. Ohio

2008)); *see also Tapscott v. MS Dealer Serv. Corp.*, 77 F.3d 1353, 1360 (11th Cir. 1996), *abrogated on another ground in Cohen v. Office Depot, Inc.*, 204 F.3d 1069 (11th Cir. 2000).

54.     In opioid-related cases like this one, federal district courts have relied on the fraudulent misjoinder doctrine to ignore the citizenship of non-diverse defendants and deny remand based on diversity jurisdiction.  *See Cty. Comm'n of McDowell Cty. v. McKesson Corp.*, 263 F. Supp. 3d 639, 647 (S.D. W. Va. 2017); *City of Huntington v. AmerisourceBergen Drug Corp.*, Civ. A. No. 3:17-01362, 2017 WL 3317300, at *4–5 (S.D. W. Va. Aug. 3, 2017); *but see Brooke Cty. Comm'n et al. v. Purdue Pharma L.P. et al.*, No. 5:18-cv-00009 (N.D. W. Va.), Doc. 23 (Feb. 23, 2018 Order).

55.     To be sure, the Sixth Circuit has not yet adopted the fraudulent misjoinder doctrine, and some decisions from the Northern District of Ohio have declined to apply the doctrine.  *Baxter*, 614 F. Supp. 2d at 874; *Geffen*, 575 F. Supp. 2d at 871; *Rodriguez v. Tyco Healthcare Grp., LP*, No. 1:08 GD 50327, 2008 WL 4683294, at *2 (N.D. Ohio Oct. 21, 2008).

56.     Nevertheless, at least one other court within the Sixth Circuit has applied the doctrine.  *Asher v. Minn. Mining & Mfg. Co.*, No. Civ.A. 04CV522KKC, 2005 WL 1593941, at *7-8 (E.D. Ky. June 30, 2005).  Even if the Court finds that the Distributor Defendants are not subject to severance under Rule 21, it should find the claims against them misjoined under the fraudulent misjoinder doctrine.

57.     In sum, because Plaintiff is an Ohio citizen, and because none of the properly joined defendants is an Ohio citizen, there is complete diversity of citizenship.  *See* 28 U.S.C. § 1332(a).

## II.      THE AMOUNT IN CONTROVERSY EXCEEDS $75,000

58.      "[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554 (2014).  "[W]hen a defendant seeks federal-court adjudication, the defendant's amount-in-controversy allegation should be accepted when not contested by the plaintiff or questioned by the court." *Id.* at 553.

59.      Plaintiff asserts that it has suffered "millions of dollars" in losses "[a]s a direct and foreseeable consequence of [Manufacturer and Physician] Defendants' wrongful conduct." (Compl. ¶ 53.)  Plaintiff seeks "compensatory damages in an amount sufficient to . . . completely compensate Plaintiff for all damages" as well as treble and punitive damages.  (*Id.* Prayer for Relief ¶¶ i–iii.)  It is thus clear that the alleged amount in controversy exceeds $75,000, exclusive of interest and costs.

## III.     ALL OTHER REMOVAL REQUIREMENTS ARE SATISFIED

### A.      This Notice of Removal Is Timely

60.      This Notice of Removal is timely filed.  Endo received the Complaint through service on July 30, 2018.  Because Endo filed the Notice of Removal on August 29, 2018, removal is timely.  *See* 28 U.S.C. § 1446(b)(1).

### B.      All Properly Joined And Served Defendants Consent to Removal

61.      For purposes of removal based on diversity jurisdiction under 28 U.S.C. § 1332(a) and pursuant to 28 U.S.C. § 1446(b), all defendants who have been properly joined and served must consent to removal.

62.      The following properly served Defendants consent to removal, as indicated by their signing below:  Purdue Pharma L.P.; Purdue Pharma Inc.; The Purdue Frederick Company

Inc.; Teva Pharmaceuticals USA, Inc.; Cephalon, Inc.; Johnson & Johnson; Janssen Pharmaceuticals, Inc.; Ortho-McNeil-Janssen Pharmaceuticals, Inc. n/k/a Janssen Pharmaceuticals, Inc.; Janssen Pharmaceutica, Inc. n/k/a Janssen Pharmaceuticals, Inc.; Watson Laboratories, Inc.; Actavis LLC; Actavis Pharma, Inc. f/k/a Watson Pharma, Inc.; Insys Therapeutics, Inc.; Mallinckrodt Enterprises LLC; CVS Health Corporation; Walgreens Boots Alliance, Inc.; Walmart, Inc.; Rite Aid of Maryland, Inc.; McKesson Corporation; Cardinal; Miami-Luken; Dr. Lynn Webster; Dr. Perry Fine; and Dr. Scott Fishman. *See City of Cleveland v. Ameriquest Mort. Sec., Inc.*, 615 F.3d 496, 501 (6th Cir. 2010) (co-defendants may consent to removal by filing a written consent).  The Defendants listed in this paragraph expressly reserve, and do not waive, all defenses, including lack of personal jurisdiction.

63.     The following Defendants have not been properly served, and thus their consent to removal is not required:  AmerisourceBergen Corporation; Allergan plc f/k/a Actavis plc; and Allergan Finance, LLC f/k/a Actavis, Inc. f/k/a Watson Pharmaceuticals, Inc.  Nevertheless, they consent to removal.  The Defendants listed in this paragraph expressly reserve, and do not waive, all defenses related to service of process and personal jurisdiction.

64.     By filing this Notice of Removal, neither Endo nor any other Defendant waives any defense that may be available to them and reserves all such defenses.  If any question arises as to the propriety of the removal to this Court, Endo requests the opportunity to present a brief and oral argument in support of its position that this case has been properly removed.

## CONCLUSION

WHEREFORE, Endo hereby removes this action from the Court of Common Pleas, Cuyahoga County, to the United States District Court for the Northern District of Ohio.

DATED: August 29, 2018

/s/ *Carole S. Rendon*
Carole S. Rendon (0070345)
Tera N. Coleman (0090544)
BAKER & HOSTETLER LLP
Key Tower
127 Public Square, Suite 2000
Cleveland, OH 44114-1214
(216) 621-0200
crendon@bakerlaw.com
tcoleman@bakerlaw.com

Ingo W. Sprie, Jr.*
ARNOLD & PORTER KAYE SCHOLER LLP
250 West 55th Street
New York, NY 10019-9710
(212) 836-8000
Ingo.Sprie@arnoldporter.com

Sean Morris*
ARNOLD & PORTER KAYE SCHOLER LLP
777 S. Figueroa Street
44th Floor
Los Angeles, CA 90017
(213) 243-4000
Sean.Morris@arnoldporter.com

Attorneys for Defendants
ENDO HEALTH SOLUTIONS INC. and ENDO
PHARMACEUTICALS INC.
* *denotes national counsel who will seek pro hac vice admission*

**WRITTEN CONSENT OF OTHER DEFENDANTS**

Consent to removal on behalf of Defendants PURDUE PHARMA L.P., PURDUE PHARMA INC., and THE PURDUE FREDERICK COMPANY INC.:

/s/ *Daniel J. Buckley*
Daniel J. Buckley (3772)
VORYS, SATER, SEYMOUR and PEASE LLP
301 East Fourth Street
Suite 3500, Great American Tower
Cincinnati, OH 45202
(513) 723-4002
djbuckley@vorys.com

Mark S. Cheffo*
DECHERT LLP
Three Bryant Park, 1095 Avenue of the Americas
New York, NY 10036-6797
Tel: (212) 698-3500
Fax: (212) 698-3599
Mark.Cheffo@dechert.com
*\* denotes national counsel who will seek pro hac vice admission*

Consent to removal on behalf of Defendants
TEVA PHARMACEUTICALS USA, INC.,
CEPHALON, INC., WATSON LABORATORIES,
INC., ACTAVIS LLC, and ACTAVIS PHARMA,
INC. F/K/A WATSON PHARMA, INC.:

/s/ *Wendy West Feinstein*
Wendy West Feinstein (0064973)
MORGAN, LEWIS & BOCKIUS LLP
One Oxford Centre, 32nd Floor
Pittsburgh, PA 15219-6401
(412) 560-7455
wendy.feinstein@morganlewis.com

Steven A. Reed*
MORGAN, LEWIS & BOCKIUS LLP
1701 Market Street
Philadelphia, PA 19103
(215) 963-5000
steven.reed@morganlewis.com

Brian M. Ercole*
MORGAN, LEWIS & BOCKIUS LLP
200 S. Biscayne Blvd., Suite 5300
Miami, FL 33131-2339
brian.ercole@morganlewis.com
*\* denotes national counsel who will seek pro hac
vice admission*

Consent to removal on behalf of Defendants JOHNSON & JOHNSON, JANSSEN PHARMACEUTICALS, INC., ORTHO-MCNEIL-JANSSEN PHARMACEUTICALS, INC. N/K/A JANSSEN PHARMACEUTICALS, INC., and JANSSEN PHARMACEUTICA, INC. N/K/A JANSSEN PHARMACEUTICALS, INC.:

/s/ *John Q. Lewis*
John Q. Lewis (0067235)
Justin E. Rice (0080587)
TUCKER ELLIS LLP
950 Main Avenue, Suite 1100
Cleveland, OH 44113-7213
Telephone: (216) 592-5000
Facsimile: (216) 592-5009
john.lewis@tuckerellis.com

Charles C. Lifland*
O'MELVENY & MYERS LLP
400 S. Hope Street
Los Angeles, CA 90071
(213) 430-6000
clifland@omm.com
*\* denotes national counsel who will seek pro hac vice admission*

Consent to removal on behalf of Defendant
INSYS THERAPEUTICS, INC.:

/s/ *Eric H. Zagrans*
Eric H. Zagrans (0013108)
ZAGRANS LAW FIRM LLC
6100 Oak Tree Boulevard, Suite 200
Cleveland, Ohio 44131
Telephone: (216) 771-1000
Facsimile: (866) 261-2008
eric@zagrans.com

J. Matthew Donohue* (Trial Attorney)
Joseph L. Franco*
HOLLAND & KNIGHT LLP
2300 U.S. Bancorp Tower
111 S.W. Fifth Avenue
Portland, OR 97204
Telephone: (503) 243-2300
Facsimile: (503) 241-8014
matt.donohue@hklaw.com
joe.franco@hklaw.com
* *denotes national counsel who will seek pro hac*

Consent to removal on behalf of Defendant
MALLINCKRODT ENTERPRISES LLC:

/s/ *Marc J. Kessler*
Marc J. Kessler (0059236)
HAHN LOESER & PARKS, LLP
65 E. State Street, Suite 1400
Columbus, Ohio 43215
Telephone: (614) 221-0240
Facsimile: (614) 221-5909
mkessler@hahnlaw.com

Brien T. O'Connor*
Andrew J. O'Connor*
ROPES & GRAY LLP
Prudential Tower, 800 Boylston Street
Boston, MA 02199-3600
Telephone: (617) 235-4650
Brien.O'Connor@ropesgray.com
Andrew.O'Connor@ropesgray.com
* *denotes national counsel who will seek pro hac*
*vice admission*

24

Consent to removal on behalf of Defendants
PERRY FINE, M.D., SCOTT FISHMAN, M.D.,
and LYNN WEBSTER, M.D.:

/s/ *Greg Brunton*
Greg Brunton (0061722)
Tyler Tarney (0089082)
Daniel Hyzak (0091298)
GORDON & REES LLP
41 South High Street, Suite 2495
Columbus, Ohio 43215
Telephone: (614) 340-5558
Facsimile: (614) 360-2130
gbrunton@grsm.com
ttarney@grsm.com
dhyzak@grsm.com

Consent to removal on behalf of Defendant
MCKESSON CORPORATION:

/s/ *Vincent Holzhall*
Vincent I. Holzhall (0074901)
Alana Valle Tanoury (0092265)
STEPTOE & JOHNSON PLLC
41 South High Street, Suite 2200
Columbus, OH 43215
Telephone: (614) 221-5100
Facsimile: (614) 221-0952
vince.holzhall@steptoe-johnson.com
alana.tanoury@steptoe-johnson.com

Consent to removal on behalf of Defendant
CARDINAL HEALTH, INC.:

/s/ *James B. Hadden*
James B. Hadden (0059315)
Joseph F. Murray (0063373)
Brian K. Murphy (0070654)
MURRAY MURPHY MOUL + BASIL LLP
1114 Dublin Road
Columbus, OH 43215
(614) 488-0400
hadden@mmmb.com
murray@mmmb.com
murphy@mmmb.com

Consent to removal on behalf of Defendant
AMERISOURCEBERGEN CORPORATION: [7]

/s/ Mark W. Bernlohr
Mark W. Bernlohr #0038640
Sandra K. Zerrusen #0070883
Aaron E. McQueen #0068753
Andrew N. Schock #0087998
JACKSON KELLY PLLC
50 South Main Street, Suite 201
Akron, OH 44308
Telephone: (330) 252-9060
Facsimile: (330) 252-9078
mwbernlohr@jacksonkelly.com
skzerrusen@jacksonkelly.com
aaron.mcqueen@jacksonkelly.com
anschock@jacksonkelly.com

Robert A. Nicholas*
Shannon E. McClure*
REED SMITH LLP
1717 Arch Street, Suite 3100
Philadelphia, PA 19103
(215) 851-8100
rnicholas@reedsmith.com
smcclure@reedsmith.com
* denotes national counsel who will seek pro hac
vice admission

Alvin L. Emch*
JACKSON KELLY PLLC
500 Lee Street, East, Suite 1600
P.O. Box 553
Charleston, WV 25322
(304) 340-1000
aemch@jacksonkelly.com
* denotes national counsel who will seek pro hac
vice admission

---

[7] By consenting to this Notice of Removal, Defendant AmerisourceBergen Corporation does not concede that it is a proper party to this litigation, and it is not.

Consent to removal on behalf of Defendant
MIAMI-LUKEN, INC.:

/s/ *Laurie K. Miller*
Laurie K. Miller*
JACKSON KELLY PLLC
500 Lee Street, East
Suite 1600
Charleston, WV 25301
(304) 340-1213 Telephone
(304) 340-1050 Fax
lmiller@jacksonkelly.com
*\* denotes national counsel who will seek pro hac vice admission*


Consent to removal on behalf of Defendant
WALGREENS BOOTS ALLIANCE, INC.:

/s/ *Brent M. Buckley*
Brent M. Buckley (0017010)
Carol K. Metz (0072833)
BUCKLEY KING LPA
1400 Fifth Third Center
600 Superior Avenue East
Cleveland, OH 44114-2652
Phone: (216) 363-1400
Fax: (216) 579-1020
buckley@buckleyking.com
metz@buckleyking.com

Kaspar Stoffelmayr*
BARTLIT BECK HERMAN
PALENCHAR & SCOTT LLP
54 West Hubbard St., Ste. 300
Chicago, Illinois 60654
(312) 494-4400
kaspar.stoffelmayr@bartlit-beck.com
*\* denotes national counsel who will seek pro hac vice admission*

Consent to removal on behalf of Defendant
WALMART INC:[8]

/s/ *Kristen S.M. Morrison*

Kristin S.M. Morrison
Ohio State Bar No. 0085004
JONES DAY
901 Lakeside Avenue
Cleveland, OH 44114-1190
Telephone: +1.216.586.7375
Facsimile: +1.216.579.0212
kmorrison@jonesday.com

Christopher Lovrien*
Claire E. Castles*
Sarah G. Conway*
JONES DAY
555 South Flower Street
Fiftieth Floor
Los Angeles, CA 90071-2452
Telephone: +1.213.243.2567
Facsimile: +1.213.243.2539
cjlovrien@jonesday.com
ccastles@jonesday.com
sgconway@jonesday.com
* *denotes national counsel who will seek pro hac
vice admission*

---

[8] As of February 1, 2018, Wal-Mart Stores, Inc. is known as Walmart Inc., not Walmart, Inc. as
listed on the caption of the Complaint.

Consent to removal on behalf of Defendant RITE
AID OF MARYLAND, INC.:

/s/ *Andrew Barber*

Andrew J. Barber
Ohio State Bar No. 0091160
MORGAN, LEWIS & BOCKIUS LLP
One Oxford Centre, Thirty-Second Floor
Pittsburgh, PA 15219-6401
412-560-7449
Andrew.Barber@morganlewis.com

Kelly A. Moore*
MORGAN, LEWIS & BOCKIUS LLP
101 Park Avenue
New York, NY 10178-0060
212-309-6612
Kelly.moore@morganlewis.com

Elisa P. McEnroe*
MORGAN, LEWIS & BOCKIUS LLP
1701 Market Street
Philadelphia, PA 19103-2921
215-963-5917
Elisa.mcenroe@morganlewis.com
* *denotes national counsel who will seek pro hac*
*vice admission*

Consent to removal on behalf of Defendant CVS
HEALTH CORPORATION:

/s/ *Gregory J. Phillips*
Gregory J. Phillips
Ohio State Bar No. 0077601
BENESCH FRIEDLANDER
COPLAN & ARONOFF LLP
200 Public Square, Suite 2300
Cleveland, Ohio 44114-2378
Telephone:  +1.216.363.4472
Facsimile:   +1.216. 363.4588
gphillips@beneschlaw.com

Eric R. Delinsky*
edelinsky@zuckerman.com
Alexandra W. Miller*
smiller@zuckerman.com
ZUCKERMAN SPAEDER LLP
1800 M Street, NW, Suite 1000
Washington, DC 20036-5807
Telephone:  (202) 778-1800
*\* denotes national counsel who will seek pro hac
vice admission*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing is being served upon the following by regular United States mail, postage prepaid:

Frank Gallucci
PLEVIN, & GALLUCCI COMPANY, L.P.A.
55 Public Square
Suite 2222
Cleveland, Ohio 44113

Paul J. Napoli
Joseph L. Ciaccio
Salvatore C. Badala
NAPOLI SHKOLNIK, PLLC
400 Broadhollow Road, Suite 350
Melville, New York 11747

Scott Elliot Smith
SCOTT ELLIOT SMITH LPA
5003 Horizons Dr. Ste. 200
Columbus Oh. 43220

James A. Marniella
DEMER & MARNIELLA, LLC
2 Berea Commons, Suite 200
Berea, OH 44017-2535

Edgar Romano
PASTERNACK, TILKFR, ZIEGLER, WALSH,
STANTON & ROMANO LLP
551 5th Ave., Suite 520
New York, NY 10279

*Counsel for Plaintiff*

Daniel J. Buckley
VORYS, SATER, SEYMOUR and PEASE LLP
301 East Fourth Street
Suite 3500, Great American Tower
Cincinnati, OH 45202

Mark S. Cheffo
DECHERT LLP
Three Bryant Park, 1095 Avenue of the
Americas
New York, NY 10036-6797

*Counsel for Defendants Purdue Pharma L.P.,
Purdue Pharma Inc., and The Purdue Frederick
Company Inc.*

Wendy West Feinstein
MORGAN, LEWIS & BOCKIUS LLP
One Oxford Centre, 32nd Floor
Pittsburgh, PA 15219-6401

Steven A. Reed
MORGAN, LEWIS & BOCKIUS LLP
1701 Market Street
Philadelphia, PA 19103

Brian M. Ercole
MORGAN, LEWIS & BOCKIUS LLP
200 S. Biscayne Blvd., Suite 5300
Miami, FL 33131-2339

*Counsel for Defendants Teva Pharmaceuticals
USA, Inc., Cephalon, Inc., Watson Laboratories,
Inc., Actavis LLC, and Actavis Pharma, Inc. f/k/a
Watson Pharma, Inc.*

John Q. Lewis
Justin E. Rice
TUCKER ELLIS LLP
950 Main Avenue, Suite 1100
Cleveland, OH 44113-7213

Charles C. Lifland
O'MELVENY & MYERS LLP
400 S. Hope Street
Los Angeles, CA 90071

*Counsel for Defendants Johnson & Johnson,
Janssen Pharmaceuticals, Inc., Ortho-McNeil-
Janssen Pharmaceuticals, Inc. n/k/a Janssen
Pharmaceuticals, Inc., and Janssen
Pharmaceutica, Inc. n/k/a Janssen
Pharmaceuticals, Inc.*

John R. Mitchell
Andrea B. Daloia
THOMPSON HINE LLP
3900 Key Center
127 Public Square
Cleveland, OH 44114-1291

Donna Welch, P.C.
Martin L. Roth
Timothy Knapp
KIRKLAND & ELLIS LLP
300 North LaSalle
Chicago, Illinois 60654

Jennifer G. Levy, P.C.
KIRKLAND & ELLIS LLP
655 Fifteenth Street, NW
Washington, DC 20005

*Counsel for Defendants Allergan PLC f/k/a
Actavis PLC and Allergan Finance, LLC f/k/a
Actavis, Inc. f/k/a Watson Pharmaceuticals, Inc.*

Eric H. Zagrans
ZAGRANS LAW FIRM LLC
6100 Oak Tree Boulevard, Suite 200
Cleveland, Ohio 44131

J. Matthew Donohue
Joseph L. Franco
HOLLAND & KNIGHT LLP
2300 U.S. Bancorp Tower
111 S.W. Fifth Avenue
Portland, OR 97204

*Counsel for Defendant Insys Therapeutics, Inc.*

Marc J. Kessler
HAHN LOESER & PARKS, LLP
65 E. State Street, Suite 1400
Columbus, Ohio 43215

Brien T. O'Connor
Andrew J. O'Connor
ROPES & GRAY LLP
Prudential Tower, 800 Boylston Street
Boston, MA 02199-3600

*Counsel for Defendant Mallinckrodt Enterprises
LLC*

Greg Brunton
Tyler Tarney
Daniel Hyzak
GORDON & REES LLP
41 South High Street, Suite 2495
Columbus, Ohio 43215

*Counsel for Defendants Perry Fine, M.D., Scott
Fishman, M.D., and Lynn Webster, M.D.*

Vincent I. Holzhall
Alana Valle Tanoury
STEPTOE & JOHNSON PLLC
41 South High Street, Suite 2200
Columbus, OH 43215

*Counsel for Defendant McKesson Corporation*

James B. Hadden
Joseph F. Murray
Brian K. Murphy
MURRAY MURPHY MOUL + BASIL LLP
1114 Dublin Road
Columbus, OH 43215

*Counsel for Defendant Cardinal Health, Inc.*

Mark W. Bernlohr
Sandra K. Zerrusen
Aaron E. McQueen
Andrew N. Schock
JACKSON KELLY PLLC
50 South Main Street, Suite 201
Akron, OH 44308

Robert A. Nicholas
Shannon E. McClure
REED SMITH LLP
1717 Arch Street, Suite 3100
Philadelphia, PA 19103

Alvin L. Emch
JACKSON KELLY PLLC
500 Lee Street, East, Suite 1600
P.O. Box 553
Charleston, WV 25322

*Counsel for Defendant AmerisourceBergen
Corporation*

Laurie K. Miller
JACKSON KELLY PLLC
500 Lee Street, East
Suite 1600
Charleston, WV 25301

*Counsel for Defendant Miami Luken, Inc.*

Brent M. Buckley
Carol K. Metz
BUCKLEY KING LPA
1400 Fifth Third Center
600 Superior Avenue East
Cleveland, OH 44114-2652

Kaspar Stoffelmayr
BARTLIT BECK HERMAN
PALENCHAR & SCOTT LLP
54 West Hubbard St., Ste. 300
Chicago, Illinois 60654

*Counsel for Defendant Walgreens Boots
Alliance, Inc.*

Kristin S.M. Morrison
JONES DAY
901 Lakeside Avenue
Cleveland, OH 44114-1190

Christopher Lovrien
Claire E. Castles
Sarah G. Conway
JONES DAY
555 South Flower Street
Fiftieth Floor
Los Angeles, CA 90071-2452

*Counsel for Defendant Walmart Inc.*

Dated:  August 29, 2018

Andrew J. Barber
MORGAN, LEWIS & BOCKIUS LLP
One Oxford Centre, Thirty-Second Floor
Pittsburgh, PA 15219-6401

Kelly A. Moore
MORGAN, LEWIS & BOCKIUS LLP
101 Park Avenue
New York, NY 10178-0060

Elisa P. McEnroe
MORGAN, LEWIS & BOCKIUS LLP
1701 Market Street
Philadelphia, PA 19103-2921

*Counsel for Defendant RiteAid of Maryland, Inc.*

Gregory J. Phillips
BENESCH FRIEDLANDER
COPLAN & ARONOFF LLP
200 Public Square, Suite 2300
Cleveland, Ohio 44114-2378

Eric R. Delinsky
Alexandra W. Miller
ZUCKERMAN SPAEDER LLP
1800 M Street, NW, Suite 1000
Washington, DC 20036-5807

*Counsel for Defendant CVS Health Corporation*

/s/  *Carole S. Rendon*
*Attorney for Defendants Endo Health Solutions Inc.
and Endo Pharmaceuticals Inc.*